IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SANTOS MARTINEZ,

  Plaintiff,

v.

UNITED STATES OF AMERICA,

  Defendant.

CIVIL NO. 04-1970 (DRD)

**REPORT AND RECOMMENDATION**

    Before the Court are the United States' motion to dismiss (Docket No. 11) and plaintiff, Santos Martinez's ("Martinez") opposition thereto (Docket No. 18). Martinez seeks compensatory and monetary damages for loss of income and mental anguish amounting to $300,000.00. *Complaint*, p. 3 (Docket No. 1). Defendant moves to dismiss Martinez's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**I. Factual Background**

    On December 26, 2001, Martinez contracted with defendant[1] "to provide all necessary labor, materials, supplies and equipment to instruct scuba diving classes for a one year period, renewable yearly". *Complaint*, p.2 ¶ 5 (Docket No. 1). Pursuant to this agreement, Martinez would retain seventy percent (70%) of the prices charged to students per course, thus leaving defendant with the remaining thirty percent (30%).

    The alleged damages sprung during the second year of the above mentioned contract. During this period, Martinez alleges he was "lead to believe that the original agreement was amended to include a modification allowing the sale of Scuba Diving Gear". *Complaint*, p.2 ¶ 6 (Docket No. 1). Martinez alleges that defendants' employees lead him to believe "that he had valid contract rights

---

    [1] Martínez entered into the agreement with the non-appropriated funds (NAF) contracting branch for the Department of the Army.

**CIVIL NO. 04-1970 (DRD)**                    2

under which he invested and earned gross profits of approximately $54,000.00 for a period of eight months". Complaint, p.3 ¶ 13 (Docket No. 1). During an eight (8) month period, under this alleged modification to the original contract, Martinez alleges to have payed defendant 25% of all profits obtained. *Opposition to Motion to Dismiss*, p.3 ¶ 8. (Docket No. 18). Subsequently, on September 20, 2003 Martinez was informed that the alleged modification to the original contract was invalid. As a result, Martinez alleges he was left with an unsold inventory of fifty thousand dollars ($50,000.00). *Complaint*, p.2 ¶ 9 (Docket No. 1). Martinez claims that "as a proximate result of Defendants' acts and omissions he suffered loss of income and mental anguish amounting to $300,000.00". *Complaint*, p.3 ¶ 14 (Docket No. 1).

**II. Standard of Review**

In a jurisdictional challenge, "the standard applied to a 12(b)(1) motion is similar to the standard applied to a 12(b)(6) motion, namely, the court must take all of plaintiff's allegations as true and must view them, along with reasonable inferences therefrom, in the light most favorable to plaintiff." Pejepscot Indus. Park v. Maine Cent. R.R., 215 F.3d 195, 197 (1st Cir. 2000); see Freiburger v. Emery Air Charter, Inc., 795 F.Supp. 253, 257 (N.D. Ill. 1992); Hart v. Mazur, 903 F.Supp. 277, 279 (D.R.I. 1995). However, once the challenge has been raised, the plaintiff carries the burden of demonstrating the existence of the court's jurisdiction. See Puerto Rico Tel. V. Telecom. Regulatory Bd., 189 F.3d 1, 1 (1st Cir. 1999).

When assessing wether dismissal is appropriate, "the trial court must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." La Chapelle v. berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998). But "[a]lthough this standard is diaphanous, it is not a virtual mirage." Berner v. Delahanty, 129 F.3d 20,25 (1st Cir. 1997). In order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Id. When judging a complaint's

**CIVIL NO. 04-1970 (DRD)**                                      3

sufficiency, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like, 'on the other hand; the former must be credited, but the latter can safely be ignored." LaChappelle, 142 F.3d at 508; see Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). The reviewing court should "not accept a complainant's unsupported conclusions or interpretations of law." Wash. Legal Found. V. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

**III. Legal Analysis**

A. The "Big" Tucker Act and The Court of Federal Claims

Claims against the United States that exceed $10,000.00, founded upon the Constitution, a federal statute, or a regulation or contract, are within the sole jurisdiction of the Court of Federal Claims. Charles v. Rice, 28 F.3d 1312, 1312 (1st Cir. 1994). Martinez's complaint alleges economic losses and mental anguish caused by the United States leading him to believe that he had "valid contract rights under which he invested and earned gross profits of approximately $54,000.00 for a period of eight months". (Docket No. 1). This Court cannot infer that the tortuous actions are not in relation to the contract since plaintiff alleges that "his damages occurred when he was lead to believe that he had a valid modification to contract number NAFAC1-02-C-0002, and he used his savings to purchase inventory and he was allowed to sell scuba equipment after the Fort Buchanan Store waived its primacy to sell". *Opposition to Motion to Dismiss*, p.5 ¶ 2 (Docket No. 18).

As per the complaint and opposition to motion to dismiss, plaintiff recognizes that the alleged tortuous acts occurred while he allegedly was lead to believe that he had a modification to the original contract. Thus, claims founded upon alleged failure to perform explicit or implicit contractual obligations are not deemed "tort" claims under the Federal Tort Claims Act, but rather under the Tucker Act. See Helena Joint City-County Airport Bd. V. U.S., 256 F.Supp 792, 792 (1966); Blanchard v. St. Paul Fire, 341 F.2d 351, 358 (5th Cir. 1965).

Considering the facts and allegations in light most favorable to Martinez, this Court cannot consider the alleged tortuous acts to be separate from the original contract since they occurred during

**CIVIL NO. 04-1970 (DRD)**                4

the second year of a valid contract with defendant. Consequently, as indicated under the Tucker Act, only the Court of Federal Claims has jurisdiction to adjudicate plaintiff's breach of contract claim. See 28 U.S.C. § 1491[2].

**IV. Conclusion**

   **WHEREFORE**, for the reasons stated herein, this Court must **GRANT** defendants' motion to dismiss (Docket No. 11).

Under the provisions of 28 U.S.C. § 636 and Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for sch objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

**SO RECOMMENDED**
In San Juan, Puerto Rico, this 22nd day of September, 2005

*S/ Gustavo A. Gelpí*
**GUSTAVO A. GELPI**
**United States Magistrate-Judge**

---

[2] 28 U.S.C. §1491(a)(1) that "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States".