## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**SANTOS MARTINEZ,**
**Plaintiff,**

      **v.**                                                    **CIVIL NO: 04-1970(DRD)**

**THE UNITED STATES OF AMERICA,**
**Defendants.**

### OPINION AND ORDER

Pending before the Court is the United States of America *Motion to Dismiss* (Docket No. 11) moving the Court to dismiss plaintiff's claims against the Government for lack of subject matter jurisdiction. The United States affirms that the instant case should be dismissed because although plaintiff sustains that it causes of actions arises as a tort action, said causes of action constitute a contract action. Accordingly, the District Court lacks jurisdiction to entertain the instant claim because said claims are governed by the Contracts Disputes Act[1] (CDA) hence under the exclusive jurisdiction of the Court of Federal Claims. Further, the United States sustains that the Court lacks jurisdiction because according to 28 U.S.C. §1346(a)(2), district courts are precluded from entertaining contractual claims against the Government in in excess of the statutory amount of $10,000.00.

For the reasons stated herein, the Court **ADOPTS *in toto*** the Magistrate Judge's Report and Recommendation (R & R) (Docket No. 22) and hereby **DISMISSES** plaintiff's claims against the United States **WITHOUT PREJUDICE**.

### UNOPPOSED REPORT AND RECOMMENDATION STANDARD

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Fed. R. Civ. P. 72(b); Rule 503, Local Rules, District of Puerto Rico. See Mathews v. Weber, 423 U.S. 261 (1976). Of course, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections **within ten (10) days after being served a copy thereof**. See Local Rule 510.2(A); Fed. R. Civ. P. 72(b).

---

[1] 41 U.S.C. §601 *et seq.*

In the instant case, the R & R correctly and clearly points out that any objections to the MRR must have been filed with the Clerk of Court "within ten (10) days afer being served with a copy thereof." Local Rule 510.2; see Local Rule 510.2(A); see also 28 U.S.C. § 636(b)(1). Further, the "written objections [] shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections." Local Rule 510.2. "Failure to file objections within the specified time waives the right to appeal the District Court's order." Local Rule 510.2(A); see United States v. Mitchell, 85 F.3d 800, 803 (1st Cir. 1996); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986). "Absent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), cert. denied, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[objection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

No objections to the R & R have been filed in this case. Henceforth, the Court need only satisfy itself that there is **no plain error** on the face of the record in order to accept the unopposed R & R. See Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected legal conclusions of a magistrate judge); Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); Nogueras-Cartagena v. United States, 172 F.Supp.2d 296, 305 (D.P.R. 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding

FED.R.CIV.P. 72(b)); Garcia v. I.N.S., 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

## FACTUAL BACKGROUND

The allegations in the complaint reveal that on December 26, 2001, plaintiff was granted an award by defendant "to provide all necessary labor, materials, supplies and equipment to instruct scuba diving classes for a one year period, renewable yearly". According to the agreement, plaintiff was to retain 70% of the fees charged to each student per course and the remaining belonged to defendant. Plaintiff avers that during the second year of the contract, he "was led to believe that the original agreement was amended to include a modification allowing the sale of scuba diving gear". Allegedly, under the modification to the original agreement defendant was entitled to 25% of the profits. On September 30, 2003, plaintiff was notified that the modification to the original agreement was invalid resulting in plaintiff being left with an unsold inventory amounting to $50,000.00. However, plaintiff continued to perform his obligations under the original agreement until it expired.

Plaintiff avers that his original agreement was not renewed and that he was induced to believe that "he had a valid contract rights under which he invested and earned gross profits of approximately $54,000.00 for [a] period of eight months". The Court notes that plaintiff filed the instant complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §§346(b), 2671, and several local statutes under supplemental jurisdiction. The Court further notes that prior to filing the instant complaint, plaintiff filed an administrative claim within the agency which was denied on May 20, 2004.

On March 16, 2005, the Government filed the instant motion to dismiss sustaining that plaintiff was construing the instant claim as a tort claim when in fact it was a dispute arising from a contractual agreement. Accordingly, the Government affirms that the Court lacks subject matter jurisdiction to entertain the instant claim because: 1) disputes arising from contractual disputes are within the exclusive jurisdiction of the Court of Federal Claims; and 2) because the district court is not vested with the authority to entertain contractual disputes against the United States in excess of $10,000.00.

Plaintiff opposed the Government's motion to dismiss asserting that the Government's actions have "caused plaintiff's damages in excess of $98,000.00" and that plaintiff's wife, who is

a federal employee, who was advised that the modification to the original contract was invalid, received two counseling letters and the lowest performance evaluation in her fifteen years federal career.   Further, plaintiff sustains that his wife's car was vandalized in the parking lot at Fort Buchanan and her supervisor did not investigate the matter.

On August 17, 2005, the undersigned referred the instant motion to dismiss to Magistrate Judge Gustavo A. Gelpi for a Report and Recommendation (Docket No. 21).  On October 17, 2005, the Magistrate Judge issued its R & R recommending that the Government's motion to dismiss should be granted.  The Magistrate Judge reasoned that the alleged economic losses and mental anguishes suffered by plaintiff during the second year of the contract, as alleged in the complaint and plaintiff's opposition to the defendant's motion to dismiss, cannot be deemed tort claims because defendant's act occurred while the award with the Government was still in effect.   Thus, the Magistrate Judge concluded that any claims for failure to perform the contractual obligations cannot be deemed tort claims under the Federal Tort Claims Act but rather claims under the Tucker Act.

### RULE 12(b)(1) STANDARD OF REVIEW

When deciding a Motion to Dismiss, the Court must accept as true all well-pleaded factual claims and indulge all reasonable inferences in plaintiff's favor.  Viqueira v. First Bank 140 F.3d 12, 16 (1st Cir, 1998).  To resolve factual disputes bearing upon the existence of jurisdiction, a court may review the evidence including affidavits and depositions. Once a defendant files a motion contesting the Court's subject matter jurisdiction, pursuant to Federal Rule 12(b)(1), it is plaintiff's burden to establish that the Court has jurisdiction.  Therefore, if jurisdiction is asserted pursuant to diversity (28 U.S.C.A.§332) plaintiff has to establish that there is complete diversity and that his claim exceeds the jurisdictional amount. See St. Paul Mercury Indem Co. v. Red Cap Co. 303 U.S. 283 (1938).

Federal Courts are courts of limited jurisdiction. This Court has the responsibility "to police the border of federal jurisdiction".Spielman v. Genzyme Corp, 251 F3d 1 (1st Cir., 2001). The courts must "rigorously enforce the jurisdictional limits that Congress chooses to set in diversity cases."Del Rosario Ortega v. Star Kist Foods, 213 F.Supp. 2d 84, 88 (D. Puerto Rico, 2002) citing Conventry Sewage Association v. Dworking Realty Co., 71 F.3d 1,3 (1st Cir., 1995). Therefore, a party that seeks the jurisdiction of the Federal Courts, has  the burden of demonstrating its existence. Murphy v. United States, 45 F.3d 520,522  (1st Cir. 1995).

Furthermore, it is known that in this circuit, motions under Rule 12(b)(1) are reviewed under the same standard as a motion under Rule 12(b)(6).  Municipality of San Juan v. Human Resources Occupational Development Council, 371 F.Supp.2d 52, 55 (D.P.R. 2005); Hart v. Mazur, 903 F.Supp. 277, 279 (D.R.I. 1995).  Hence, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see also Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir.1991).  The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1,3 (1st Cir. 1996)(citations omitted); see also Berríos v. Bristol Myers Squibb Caribbean Corp., 51 F.Supp.2d 61 (D.Puerto Rico 1999).  A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting Gooley v. Mobil Oil Corp., 51 F.2d 513, 514 (1st Cir.1988)).

Therefore, in order to survive a motion to dismiss,  plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooly v. Mobil Oil Corp., 851 F.2d 513 (1st Cir. 1988).  In sum, a claim shall be dismissed under Rule 12(b)(6) **only if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief**. Conley v. Gibson, 355 U.S. at 78. (*Emphasis added*.)

However, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint. Litton Indus., Inc. v. Colon, 587 F.2d 70, 74 (1st Cir. 1978). In sum, the Court's focus should always be on "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id.; see also Rogan v. Menino, 175 F.3d 75 (1st Cir. 1998).  A district court's dismissal of a claim under Rule 12(b)(6) is reviewed *de novo* by the appeals court; such court "accept[s] as true all well-pleaded factual averments and indulg[es] all reasonable inferences in the plaintiff's favor." Calderon Ortiz v. Laboy Alvarado, 300 F.3d 60, 62-63 (1st Cir. 2002); SEC v.SG

Ltd., 265 F.3d 42, 46 (1st Cir. 2001). Accordingly, "if the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory", any order of dismissal shall be set aside. Calderon Ortiz, 300 F.3d at 63; quoting, Conley v. Gibson, 355 U.S. at 45-46; Aulson v. Blanchard, 83 F.3d at 3.

Therefore, once the jurisdictional challenge has been raised by defendants, plaintiff bears the burden of demonstrating the Court's jurisdiction.  Municipality of San Juan v. Human Resources Occupational Development Council, 371 F.Supp.2d at 55.  The Court proceeds forth under the aforementioned standard of review.

## APPLICABLE LAW AND ANALYSIS

It is known that when Congress enacted the Federal Tort Claims Act (FTCA), it consented to suits against the United States for certain causes of action sounding in tort, but only under the terms and conditions specified by the statute.  United States v. Orleans, 425 U.S. 807, 814 (1976). Further, under the FTCA the United States may be sued and held liable for the injuries caused by the "negligent or wrongful act or omission" of government employees "acting within the scope of [their] office or employment".  28 U.S.C. §1346 (b).[2]

Contrariwise, the Congress surrendered the Government's sovereign immunity to be sued on claims arising from contracts which are expressed or implied in facts by enacting the Tucker Act, 28 U.S.C. §1491.[3]  Furthermore, the statute constitutes the sole basis for a suit against the United States grounding in breach of contract and exclusive jurisdiction is vested upon the Federal Court of Claims if the claim exceeds $10,000.00.  Accordingly, claims under the $10,000.00 threshold are cognizable in the district courts.

---

[2] 28 U.S.C. §1346(b) provides that: "... the district courts, ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

[3] 28 U.S.C. §1491(a) provides that: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.  For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchanges Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States."

The Court of Appeals for the Fifth Circuit has established a distinction between a breach of contract claim and tort claims as follows:

> [many] breaches of contract can also be treated as torts.  But ..., where the "tort" complained of is based entirely upon breach by the government of a promise made by it in a contract, so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim, we do not think that the common law or local state law right to waive the breach ans sue in tort brings the case within the Federal Tort Claims Act.

United States v. Smith, 324 F.2d 622, 625 (5th Cir. 1963).

A detailed examination of the complaint shows that plaintiff's claims averred that "on its second year under the referenced agreement, plaintiff was led to believe that the original agreement was amended to include a modification allowing the sale of scuba-diving gear", that "defendant's employees induced plaintiff to believe that he had a valid contract right"; that "his original agreement was not renewed; that "plaintiff was left with an excess unsold inventory valued at $50,000.00; that "plaintiff suffered economic losses from the lost of income and mental anguish amounting $300,000.00". (*See Complaint*, Docket No. 1, ¶¶ 6, 9, 12, 13, 14).

Further, in its opposition to the motion to dismiss, plaintiff alleged that after being informed that the sale of scuba-diving gear was not within the contract, "after removal of his inventory, plaintiff was left with was left with an unsold inventory ... [and] as his sole alternative, plaintiff took a loan to prepare a commercial space in Guanica ... [and] incurred expenses amounting to $50,000.00; that "the actions taken by Defendant and his employees caused Plaintiff's economic damages in excess of $98,000.00".  (*See Opposition to Motion to Dismiss*, Docket No. 18, ¶¶ 12, 15).

Moreover, plaintiff acknowledged that "his damages occurred when he is led to believe that he had a valid modification to Contract number NAFAC1-02-C-0002, and he used his savings to purchase inventory and he was allowed to sell scuba equipment after the Fort Buchanan Store waived its primacy to sell".  (*See Opposition to Motion to Dismiss*, Docket No. 18, P. 5). Furthermore, plaintiff sustains that all the actions taken by defendant against plaintiff and his wife are tortuous in nature and since there is a finding from the Inspector General that plaintiff did not have an agreement to sell scuba-diving gear, the Court of Federal Claims does not have jurisdiction to entertain the instant matter.  (*See Opposition to Motion to Dismiss*, Docket No. 18, P. 6.)  Finally,

plaintiff recognizes that there was no valid agreement with the defendant for the sale of the scuba-diving equipment hence the District Court is the appropriate forum to entertain plaintiff's claims. (*See Opposition to Motion to Dismiss*, Docket No. 18, P. 6).

Moreover, the attachments provided by plaintiff in its *Opposition to Motion to Dismiss* (Docket No. 18) show that on June 21, 2002, a request to amend the previous Scuba instruction contract was submitted and signed by Mary E. Davison, Chief, CRD and by Bruce Barrett, DCA under Request No. KC-62-58-02-3257 (Docket No. 18-6, Exhibit 4). Further, a letter waiving privacy for a period of two (2) years to sell Scuba diving equipment and supplies was signed by Mr. Kevin D. Beason, General Manager for the Puerto Rico Exchange. Said letter shows that Mr. Beason's letter wished plaintiff "good luck in your sales venture" (Docket No. 18-7, Exhibit 5). Notwithstanding, on or around March 7, 2003, an e-mail addressed to plaintiff informed that all Scuba equipment that belonged to plaintiff was to be removed from the facilities provided since said equipment was not part of contract no. NAFAC1-02-C-0002 (Docket No. 18-17, Exhibit 14). Finally, plaintiff has provided a copy of a *Statement Communications Record* (Docket No. 18-18, Exhibit 15) showing that some discussions were held relating the amendment to the Scuba contract for the inclusion of concessionaire and sale of equipment and supplies. According to plaintiff he was informed that all sales were to cease until the amendment to the contract was verified.

Under a Rule 12(b)(6) motion to dismiss standard of review, the Court must accept as true all well-pleaded factual claims and indulge all reasonable inferences in plaintiff's favor. Viqueira v. First Bank 140 F.3d at 16. In the instant case, plaintiff sustains that it has suffered damages resulting from tort actions performed by the Government. Plaintiff's theory is unsupported by the allegations in the complaint and the evidence submitted in support of its claims. In other words, although plaintiff's prayer for relief is grounded in a tort action, said allegations are consequentially related to the contract entered with the United States and/or the matter is subject to a contract interpretation as to coverage under the contract.[4]

As stated previously, plaintiff's allegations relate to a contractual agreement amongst the parties and the economic damages suffered by plaintiff when he was ordered to cease selling the Scuba equipment and supplies and was left with an unsold inventory. As a result of this

---

[4] See potential exception at Footnote No. 4, *infra*.

cancellation, plaintiff had to incur in additional expenses in order to sell said equipment. The record is devoid of evidence in support that plaintiff's damages resulted from "injuries caused by the "negligent or wrongful act or omission" of government employees "acting within the scope of [their] office or employment". 28 U.S.C. §1346 (b).

Therefore, at this time and with the documentary evidence provided by plaintiff, the Court deems that it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle plaintiff to relief. Conley v. Gibson, 355 U.S. at 78. Accordingly, the facts contained in the complaint, viewed in the light most favorably to plaintiff, does not justify damages recovery under any applicable torts legal theory, and the Government's request for dismissal must be granted. Calderon Ortiz, 300 F.3d at 63. After all, "[p]ainting black lines on the sides of a [white] horse and calling it a zebra does not make it one". U.S. v. Vazquez-Rivera, 135 F.3d 172, 177 (1st Cir. 1998).

## CONCLUSION

For the reasons stated herein, the Court hereby the Court **ADOPTS *in toto*** the Magistrate Judge's Report and Recommendation (R & R) (Docket No. 22) and **GRANTS** the United States of America *Motion to Dismiss* (Docket No. 11). The Court finds that there existing no objections to the R&R, the applicable standard of review is plain error, Douglass v. United Servs. Auto, Ass'n, 79 F.3d at 1419; Nogueras-Cartagena v. United States, 172 F.Supp.2d at 305; and no plain error has been detected.[5] Accordingly, plaintiff's claims against the United States of America are hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall prosecute its claims against the Government pursuant to the Tucker Act before the Court of Federal Claims. **Judgment** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 27th day of February 2006.

**S/DANIEL R. DOMINGUEZ**

**DANIEL R. DOMINGUEZ**

**U.S. DISTRICT JUDGE**

---

[5] The Court notes that the only non-contractual potential claim may be plaintiff's spouse retaliation. However, plaintiff does not have standing to claim spouse's retaliation, the spouse is not a plaintiff to the instant action, and further the spouse apparently has not exhausted FTCA administrative remedies.28 U.S.C. §2675.